94

DOLLAR INVESTMENT COMPANY OF MARYLAND,
INC. *v.* PATON, ᴇᴛ ᴀʟ. TRUSTEES

[No. 388, September Term, 1963.]

*Decided July 24, 1964.*

The cause was submitted to HENDERSON, HORNEY and SYBERT, JJ., and KEATING, JR., J., Associate Judge of the Second Judicial Circuit, specially assigned, and DUCKETT, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

Submitted on the brief by *J. Willard Nalls, Jr.,* for the appellant.

Submitted on the brief by *Stedman Prescott, Jr.,* for the appellee.

KEATING, JR., J., by special assignment, delivered the opinion of the Court.

These seven appeals in one record are from orders overruling exceptions to trustees' sales of real estate and ratifying the sales.

In 1960, Ettie Development Company (Ettie) executed seven security instruments, purporting to be deeds of trust to a savings and loan association to secure various sums of money and conveying seven different parcels of land. Through evident inadvertance or error in draftsmanship, the savings and loan association was named in each instrument trustee (party of the second part) as well as obligee or beneficiary of the trust. Each instrument contained a full description of the debt, the state-

ment that it was security for same, and a full declaration of the terms of trust including a provision that upon default in the payment of the debt "said party of the second part or the trustee" was authorized to make sale of the real estate. The savings and loan association went into receivership under jurisdiction of the Circuit Court for Montgomery County and upon default by Ettie (or persons to whom Ettie had sold the land) the receiver, in an effort to collect the assets of his defunct corporation, applied to the court to appoint trustees for the purpose of foreclosing the defaulted deeds of trust. The appellees were so appointed and proceeded to make the sales in accordance with the requirements of the Maryland Rules. The appellant, Dollar Investment Company of Maryland, Inc., (Dollar), became the purchaser of the seven properties at the sale. (Dollar also claimed in its brief, but not in its exceptions, that it was the owner of the several properties at the time of sale, by virtue of mesne unrecorded deeds from Ettie). The grounds for exceptions were that the trustees were without valid authority to sell.

The appellant's contention is as follows: The security instruments in question are invalid as deeds of trust because the trustee and party secured (obligee) are one and the same corporate entity, thus merging the beneficial interest with that of the trustee; but that said instruments are valid as mortgages and must be considered as such; and that because mortgage foreclosure sales are required by Rule W74 c 1 of the Maryland Rules to be made by a natural person who is either the mortgagee or some other person designated by name in the mortgage to exercise the power of sale and further because the savings and loan association is not a natural person and the trustees who made the sale, although natural persons, are not named in the instrument they could not exercise the power of sale. The appellant further contends that the receiver, who is a natural person and who as successor to the original mortgagee could execute the power of sale, should himself have made the sale, and had he done so in that capacity he would not be entitled to commissions on the sale as might the trustees, thus effecting a saving of commissions.

The chancellor thought, as do we, that these contentions are

not meritorious. The record shows that the appellant had standing only as a purchaser of the properties. As such it had no interest in the proceeds of sale or the costs or commissions payable thereout. But even if we should assume that the appellant was entitled to be heard, its contentions could not prevail. We are here dealing with procedural steps in the foreclosure sales and not with substantive rights in the trust property or in the proceeds of sale so that the principle of merger relied upon by the appellant has no application here. Among the Maryland Rules dealing with the foreclosure of deeds of trust there is Rule W77 d 2 which provides as follows:

"Where default has occurred in a condition of a deed of trust upon which foreclosure is predicated and a trustee who has the right to institute a foreclosure action fails or neglects to do so, *or if there exists any other good and sufficient reason* for the removal of a trustee under a deed of trust, the holders of not less than 25% of the beneficial interest thereunder may file a petition under oath in a court of equity in which foreclosure may be instituted alleging such failure or neglect to foreclose or alleging such other reasons for removal and praying the court to remove the trustee and to appoint a new trustee." (Emphasis supplied).

Rule W77 d 3 provides as follows:

"The Court may act upon such petition ex parte and pass an order removing the trustee and appointing a new trustee, with all the title and powers of the trustee so removed."

The receiver, who held the entire beneficial interest in the deeds of trust, filed his petition for the substitution of trustees to sell and we, therefore, hold that the chancellor had ample authority to make the substitution and the appellant's exceptions were properly overruled.

*Order affirmed; appellant to pay the costs.*